**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| TATINIA LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC and VERIZON WIRELESS SERVICES, | ) | |
| LLC, a division of VERIZON | ) | |
| COMMUNICATIONS, INC., | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Tatinia Lyons' identity was stolen by a sales representative at a Chicagoland Verizon Wireless store. Ms. Lyons filed a police report and sent multiple dispute letters explaining she had never agreed to purchase new iPhone and iPad devices nor sign up for wireless service with Verizon. Despite her best efforts, Defendants Equifax Information Services LLC ("Equifax") and Verizon Wireless Services, LLC ("Verizon") continued to report derogatory and inaccurate credit information about her, in violation of the liability provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### *Parties*

1.      Plaintiff Tatinia Lyons resides in this district.

2.      Defendant Equifax Information Services LLC, a "global information solutions company" which "assimilates and analyzes data on more than 820 million consumers," is headquartered in Georgia but regularly conducts business in this district.

3.      Defendant Verizon Wireless Services, LLC is a division of Verizon Communications, Inc., doing business as "Verizon Wireless." Verizon attempted to collect a delinquent debt from Plaintiff in this district, maintains a registered agent and regularly conducts business here.

*Jurisdiction and Venue*

4.      This Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 as Plaintiff's claims arise under a federal statute.

5.      Supplemental jurisdiction over the state law claim should be exercised under 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Plaintiff resides here and the activities giving rise to Plaintiff's causes of action occurred here.

*Facts Relevant to All Counts*

7.      On or about April 1, 2017, Plaintiff went to a Verizon Wireless store and inquired about the price of cell phone service.  Plaintiff did not sign up for service and did not pay for or leave with any devices.  Instead, she advised that she was merely shopping around.

8.      Sometime during the first two weeks in April of 2017, a Verizon Wireless store employee used Plaintiff's personal identifying information and signed her up for cell service, a device protection plan, and purchased two iPhones and an iPad using her name.

9.      Plaintiff learned this when she began receiving "Welcome to Verizon" correspondence.

10.     Plaintiff went to the Verizon Wireless store, spoke with the manager, and began the dispute process.

11.     Plaintiff also visited the Chicago Police Department and completed a case incident report.

12.     Plaintiff spoke with Verizon Wireless customer service and/or fraud department representatives to explain the theft on multiple occasions, including but not limited to April 12, 13, 14, 25, 26, 27, and May 2, 2017.

13.     Despite these calls, on or about July 4, 2017, Verizon Wireless sent Plaintiff a demand for payment in the amount of $2,278.62:

Dear Verizon Wireless Customer:

ACCOUNT NUMBER:  068894347200001        BALANCE DUE:  $2,278.62

PLEASE TAKE CARE OF THE REMAINING BALANCE OWED ON THIS ACCOUNT
Although your wireless service with Verizon Wireless has been terminated there is still an outstanding balance due in the amount of $2,278.62.

Please be advised that Verizon Wireless is entitled to report write-offs to the three major consumer credit bureaus.  We urge you take this opportunity to avoid collection agency contact, plus the further expense and/or impact of a negative report to your credit profile.

Please send the full amount due immediately to:
        Verizon Wireless
        P. O. Box 25505
        Lehigh Valley, PA  18002-5505

14.     Plaintiff wrote to Verizon Wireless and enclosed a copy of her police report.

15.     Plaintiff received a reference number from Verizon's National Fraud Governance Operations Team.

16.     On or about July 18, 2017, Verizon Wireless advised Plaintiff in an e-mail that "Your Verizon claim has been resolved."

17.     That same day, Plaintiff wrote to TransUnion, Experian, and Equifax, explained the identity theft, and sent a copy of her police report.

18.     However, when Plaintiff checked her Experian and Equifax credit reports after her July 18, 2017 disputes, the Verizon debt was listed as delinquent.

19.     In October of 2017, Verizon sent Plaintiff's account to collection agency Diversified Consultants, Inc.  Diversified Consultants demanded payment of a $410.15 collection fee and the previously disputed balance of $2,688.77.

20.     Plaintiff disputed the debt with Diversified Consultants and heard nothing else.

21.     In December of 2017, Plaintiff applied and was rejected for a credit card with First Bankcard.

22.     In April of 2018, Plaintiff received a collection letter from Convergent Outsourcing, Inc., another collection agency representing Verizon.  Convergent's letter demanded the same $410.15 collection fee and balance of $2,688.77 previously disputed with Verizon and Diversified Consultants.

23.     Because of the April 2018 collection letter, Plaintiff checked her credit reports again and saw the Equifax and Experian were still reporting the debt, without reference to her July 2017 dispute.

24.     On or about April 24, 2018, Equifax corrected Plaintiff's address on her credit file but did not fix the Verizon information.

25.     On or about May 18, 2018, Plaintiff was again denied a credit card from First Bankcard.

26.     On or about June 27, 2018, Plaintiff sent dispute letters back to Equifax, Experian, and Verizon asking that the derogatory Verizon account information be deleted.  Plaintiff submitted a copy of the e-mail from Verizon's fraud department advising that the matter had been resolved in her favor and a copy of the police report.

27.     Experian removed the Verizon account information.

28.     Equifax responded with a letter claiming it could not confirm Plaintiff's identity and on or about July 23, 2018, Plaintiff submitted the requested information.

29.     In response to Plaintiff's re-submission packet, Equifax sent another letter claiming it could not confirm Plaintiff's identity.

## COUNT I
*Violations of the Fair Credit Reporting Act Against Defendant Verizon*
*15 U.S.C. § 1681s-2(b)*

30.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-29 as if set forth fully in this Count.

31.     Plaintiff is a "consumer," as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

32.     Verizon is a "person," as that term is defined by the FCRA, 15 U.S.C. § 1681a(b).

33.     Under the FCRA, 15 U.S.C. § 1681s-2(b):

(2)     Duty to correct and update information. A person who--

(A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

34.     Despite the provisions of § 1681s-2(b), Verizon continued to report derogatory and inaccurate statements regarding Plaintiff's credit history and her liability for an account that was never hers.

35.     Despite the provisions of § 1681s-2(b), and despite receipt of multiple and continuing disputes from Plaintiff, Verizon continued to report derogatory and inaccurate statements regarding Plaintiff's credit history and her liability for an account that was never hers.

36.     Verizon reported inaccurate information that reflects negatively upon the Plaintiff, Plaintiff's repayment and credit history, Plaintiff's financial responsibility, and her credit worthiness.

37.     Notwithstanding Plaintiff's disputes, Verizon failed to conduct reasonable investigations concerning those disputes or alternatively, conducted an investigation and then willfully ignored the dispute information provided.

38.     Notwithstanding Plaintiff's disputes, Verizon deliberately, willfully, recklessly and negligently reported inaccurate information about the Plaintiff.

39.     Verizon's conduct renders it liable under §§ 1681n and o of the FCRA as Verizon willfully and negligently failed to comply with the reporting requirements placed on furnishers of consumer credit information.

40.     As a direct and proximate result of Verizon's willfulness and negligence, and its failings under § 1681s-2(b), Plaintiff suffered discrete and concrete injury.

41.     Plaintiff lost credit opportunities as a direct result of Verizon's willfulness and negligence, suffered harm to her credit reputation and score, and spent hours trying to fix the issues with Verizon's account.  She was twice referred to collections, even after Verizon claimed it has absolved her of any liability on the disputed account and was denied for a credit card on two occasions.  The Verizon response caused Plaintiff significant distress, aggravation, stress, and anxiety.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Verizon Wireless Services, LLC and award damages as follows:

(A)     Actual, statutory, and punitive damages under the FCRA, 15 U.S.C. §§ 1681n and o;

(B)     Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C)     Any other relief this Court deems appropriate and just under the circumstances.

## COUNT II
### *Violations of the Fair Credit Reporting Act*
### *Against Defendant Equifax Information Solutions LLC*
### *15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i*

42.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-29 as if set forth fully in this Count.

43.     Plaintiff is a "consumer," as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

44.     Equifax is a "consumer reporting agency," as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

45.     Pursuant to the FCRA, 15 U.S.C. § 1681e(b), whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

46.     Equifax failed to comport with its responsibilities under the FCRA, 15 U.S.C. § 1681e(b).

47.     Plaintiff's consumer report contained inaccurate information regarding the Verizon account and, despite providing Equifax with information demonstrating the account was not hers, Equifax continued reporting inaccurate information.

48.     Plaintiff filed a police report and even submitted correspondence from the alleged creditor to demonstrate she bore no responsibility for the Verizon account.

49.     Equifax's failings caused potential credit grantors (including First Bankcard) to view Plaintiff's credit file negatively, as her consumer report inaccurately reflected that Plaintiff was delinquent on the Verizon account.

50.     Equifax also failed to comport with its responsibilities under the FCRA, 15 U.S.C. § 1681i.

51.     Despite its receipt of multiple disputes from Plaintiff, Equifax failed to delete the information consistent with its duties under § 1681i(a)(5).

52.     Alternatively, or in addition to the above paragraph, Equifax failed to conduct a reasonable investigation into Plaintiff's notice of dispute, as required by § 1681i(a)(1)(A).

53. Equifax maintained inaccurate information in Plaintiff's credit file that reflects negatively upon the Plaintiff, Plaintiff's repayment and credit history, Plaintiff's financial responsibility, and her credit worthiness.

54. Equifax reported false and inaccurate credit information about Plaintiff even after Plaintiff complied with Equifax's dispute procedures.

55. Notwithstanding Plaintiff's disputes, Equifax failed to conduct reasonable investigations concerning those disputes or alternatively, conducted an investigation and then willfully ignored the information provided.

56. Notwithstanding Plaintiff's disputes, Equifax deliberately, willfully, recklessly and negligently failed to remove the inaccurate information from Plaintiff's consumer credit file.

57. Equifax's conduct renders it liable under §§ 1681n and o of the FCRA.

58. Plaintiff lost credit opportunities as a direct result of Equifax's willfulness and negligence, suffered harm to her credit reputation and score, and spent hours trying to fix the issues on her Equifax report and confirm her identity as Equifax repeatedly requested.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Equifax Information Solutions LLC and award damages as follows:

(A) Actual, statutory, and punitive damages under the FCRA, 15 U.S.C. §§ 1681n and o;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief this Court deems appropriate and just under the circumstances.

## COUNT III
### *Violations of the Illinois Consumer Fraud Act Against Defendant Verizon*
### *815 ILCS 505/2*

59. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-29 as if set forth fully in this Count.

60.    Verizon committed unfair practices in contravention of 815 ILCS 505/2 in continuing to demand payment on an account and devices it knew to be fraudulently opened.

61.    On or about July 18, 2017, Verizon claimed that it would alert the credit reporting bureaus and take necessary steps to ensure Plaintiff was not held liable for the disputed account.

62.    Despite this letter, Verizon continued to demand payment from Plaintiff, unfairly assessed a $410.15 collection fee, and referred to the account to two separate collection agencies.

63.    In determining whether a given course of conduct or act is unfair under the ICFA, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.  The published statement of factors considered by the Federal Trade Commission in measuring unfairness are: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers.

64.    However, all three of these criteria do not need to be satisfied to support a finding of unfairness.  A practice may be unfair because of the degree to which it meets one of the criteria or, to a lesser extent, to the manner in which it meets all three.

65.    Verizon's practices with respect to Plaintiff offends public policy (e.g., referring a confirmed identity theft consumer to collections despite receipt of a police report), is unethical, oppressive and unscrupulous (e.g., threatening and then following through with negative credit reporting and demanding amounts known not to be owed), and causes substantial injury to consumers generally (e.g., failing to maintain reasonable procedures to account for identity theft in its stores and in response to multiple disputes).

66.    Verizon agreed the account was not Plaintiff's responsibility but kept sending her to collections.

67.     Verizon's unfair acts were committed in the course of Illinois trade and commerce and result from a purported Illinois consumer transaction.

68.     Verizon acted unfairly and oppressively by failing to comply with its duty of good faith and by failing to cooperate in mitigating Plaintiff's damages.

69.     Verizon acted with reckless indifference and failed to adopt (or, alternatively, follow) appropriate identity theft and fraud procedures in Plaintiff's case.

70.     Instead, Verizon continued making demands for payment of the debt, when it knew or should have known Plaintiff did not owe, and never had owed.

71.     Verizon made the payment demands in the hope that Plaintiff would rely on its representations and make a payment.

72.     Plaintiff has suffered significant distress resulting from her receipt of continuing incorrect and inaccurate dunning letters and from the continued negative credit reporting. She spent time, effort, and money disputing the debt to no avail. She was denied credit and didn't apply for additional credit because she knew it was futile.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant Verizon Wireless Services, LLC and award damages as follows:

(A)     Actual and punitive damages under the ICFA;

(B)     Injunctive relief as appropriate;

(C)     Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(D)     Any other relief this Court deems appropriate and just under the circumstances.

*Plaintiff Demands Trial By Jury*

Respectfully submitted,

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys

Stacy M. Bardo
Bardo Law, P.C.

22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-mail: stacy@bardolawpc.com

Stephanie Tatar
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Tel: (323) 744-1146
E-mail: Stephanie@TheTatarLawFirm.com

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein.  If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys