## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

TATINIA LYONS,         )
         )
       Plaintiff,     )
         )    No.    1:19-cv-04763
   v.         )
         )    District Judge. Robert M. Dow, Jr.
EQUIFAX INFORMATION    )
SERVICES LLC and VERIZON    )    Magistrate Judge Jeffrey Cummings
WIRELESS SERVICES,     )
LLC, a division of VERIZON    )
COMMUNICATIONS, INC.,    )
         )
       Defendants.    )

## VERIZON WIRELESS SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Verizon Wireless Services, LLC, ("Verizon"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows[1]:

## ANSWER

Plaintiff Tatinia Lyons' identity was stolen by a sales representative at a Chicagoland Verizon Wireless store. Ms. Lyons filed a police report and sent multiple dispute letters explaining she had never agreed to purchase new iPhone and iPad devices nor sign up for wireless service with Verizon. Despite her best efforts, Defendants Equifax Information Services LLC ("Equifax") and Verizon Wireless Services, LLC ("Verizon") continued to report derogatory and inaccurate credit in-

---

[1] The Complaint's allegations and headings are repeated herein for organizational purposes only, and should be considered denied.

formation about her, in violation of the liability provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**ANSWER:** Verizon denies reporting inaccurate derogatory information about the Plaintiff, and denies violating the FCRA. After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this unnumbered Paragraph, and therefore, denies the remaining allegations in this unnumbered paragraph.

### *Parties*

1.      Plaintiff Tatinia Lyons resides in this district.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and therefore, denies the allegations.

2.      Defendant Equifax Information Services LLC, a "global information solutions company" which "assimilates and analyzes data on more than 820 million consumers," is headquartered in Georgia but regularly conducts business in this district.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the allegations.

3.      Defendant Verizon Wireless Services, LLC is a division of Verizon Communications, Inc., doing business as "Verizon Wireless." Verizon attempted to

collect a delinquent debt from Plaintiff in this district, maintains a registered agent and regularly conducts business here.

**ANSWER:** Defendant admits only that Verizon is indirectly wholly owned by Verizon Communications Inc. After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore, denies the allegations.

### *Jurisdiction and Venue*

4.    This Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 as Plaintiff's claims arise under a federal statute.

**ANSWER:** These allegations consist of legal conclusions to which no response is required. To the extent a response is required, Verizon denies that Plaintiff is entitled to any relief for its claims against Verizon, and denies that Verizon violated the FCRA.

5.    Supplemental jurisdiction over the state law claim should be exercised under 28 U.S.C. § 1367(a).

**ANSWER:** These allegations consist of legal conclusions to which no response is required. To the extent a response is required, Verizon denies that Plaintiff is entitled to any relief for its claims against Verizon, and denies that Verizon violated any state law.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Plaintiff resides here and the activities giving rise to Plaintiff's causes of action occurred here.

**ANSWER:** These allegations consist of legal conclusions to which no response is required.

### *Facts Relevant to All Counts*

7.     On or about April 1, 2017, Plaintiff went to a Verizon Wireless store and inquired about the price of cell phone service. Plaintiff did not sign up for service and did not pay for or leave with any devices. Instead, she advised that she was merely shopping around.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore, denies the allegations.

8.     Sometime during the first two weeks in April of 2017, a Verizon Wireless store employee used Plaintiff's personal identifying information and signed her up for cell service, a device protection plan, and purchased two iPhones and an iPad using her name.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies the allegations.

9.     Plaintiff learned this when she began receiving "Welcome to Verizon" correspondence.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies the allegations.

10.     Plaintiff went to the Verizon Wireless store, spoke with the manager, and began the dispute process.

**ANSWER:**   After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies the allegations.

11.     Plaintiff also visited the Chicago Police Department and completed a case incident report.

**ANSWER:**   After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore, denies the allegations.

12.     Plaintiff spoke with Verizon Wireless customer service and/or fraud department representatives to explain the theft on multiple occasions, including but not limited to April 12, 13, 14, 25, 26, 27, and May 2, 2017.

**ANSWER:**   Verizon admits that Plaintiff spoke with Verizon representatives on certain occasions. After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore, denies the allegations.

13.     Despite these calls, on or about July 4, 2017, Verizon Wireless sent Plaintiff a demand for payment in the amount of $2,278.62:

Dear Verizon Wireless Customer:

ACCOUNT NUMBER: 068894347200001          BALANCE DUE: $2,278.62

PLEASE TAKE CARE OF THE REMAINING BALANCE OWED ON THIS ACCOUNT
Although your wireless service with Verizon Wireless has been terminated
there is still an outstanding balance due in the amount of $2,278.62.

Please be advised that Verizon Wireless is entitled to report write-offs
to the three major consumer credit bureaus. We urge you take this
opportunity to avoid collection agency contact, plus the further expense
and/or impact of a negative report to your credit profile.

Please send the full amount due immediately to:
    Verizon Wireless
    P. O. Box 25505
    Lehigh Valley, PA  18002-5505

**ANSWER:**  The subject letter speaks for itself. As a further response, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Verizon sent a demand for payment "despite these calls."

14.   Plaintiff wrote to Verizon Wireless and enclosed a copy of her police report.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore, denies the allegations.

15.   Plaintiff received a reference number from Verizon's National Fraud Governance Operations Team.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore, denies the allegations.

16.   On or about July 18, 2017, Verizon Wireless advised Plaintiff in an e-mail that "Your Verizon claim has been resolved."

6

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies the allegations.

17. That same day, Plaintiff wrote to TransUnion, Experian, and Equifax, explained the identity theft, and sent a copy of her police report.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and therefore, denies the allegations.

18. However, when Plaintiff checked her Experian and Equifax credit reports after her July 18, 2017 disputes, the Verizon debt was listed as delinquent.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies the allegations.

19. In October of 2017, Verizon sent Plaintiff's account to collection agency Diversified Consultants, Inc. Diversified Consultants demanded payment of a $410.15 collection fee and the previously disputed balance of $2,688.77.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the allegations.

20. Plaintiff disputed the debt with Diversified Consultants and heard nothing else.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the allegations.

21. In December of 2017, Plaintiff applied and was rejected for a credit card with First Bankcard.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the allegations.

22. In April of 2018, Plaintiff received a collection letter from Convergent Outsourcing, Inc., another collection agency representing Verizon. Convergent's letter demanded the same $410.15 collection fee and balance of $2,688.77 previously disputed with Verizon and Diversified Consultants.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore, denies the allegations.

23. Because of the April 2018 collection letter, Plaintiff checked her credit reports again and saw the Equifax and Experian were still reporting the debt, without reference to her July 2017 dispute.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the allegations.

24.     On or about April 24, 2018, Equifax corrected Plaintiff's address on her credit file but did not fix the Verizon information.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore, denies the allegations.

25.     On or about May 18, 2018, Plaintiff was again denied a credit card from First Bankcard.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies the allegations.

26.     On or about June 27, 2018, Plaintiff sent dispute letters back to Equifax, Experian, and Verizon asking that the derogatory Verizon account information be deleted. Plaintiff submitted a copy of the e-mail from Verizon's fraud department advising that the matter had been resolved in her favor and a copy of the police report.

**ANSWER:**  The subject letter speaks for itself. After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore, denies the allegations.

27.     Experian removed the Verizon account information.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the allegations.

28.    Equifax responded with a letter claiming it could not confirm Plaintiff's identity and on or about July 23, 2018, Plaintiff submitted the requested information.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the allegations.

29.    In response to Plaintiff's re-submission packet, Equifax sent another letter claiming it could not confirm Plaintiff's identity.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the allegations.

## COUNT I

### *Violations of the Fair Credit Reporting Act Against Defendant Verizon*
### *15 U. S. C. § 1681s-2(b)*

30.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1- 29 as if set forth fully in this Count.

**ANSWER:**  Verizon restates, realleges, and reincorporates its answers to paragraphs 1-29 as if fully set forth herein.

31.    Plaintiff is a "consumer," as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Paragraph 31 contains allegations that call for a legal conclusion to which no response is required. To the extent that an answer is required, Verizon

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies the allegations.

32.     Verizon is a "person," as that term is defined by the FCRA, 15 U.S.C. § 1681a(b).

**ANSWER:**   Paragraph 32 contains allegations that call for a legal conclusion to which no response is required. To the extent that an answer is required, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the allegations.

33.     Under the FCRA, 15 U.S.C. § 1681s-2(b):

(2)     Duty to correct and update information. A person who--

(A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**ANSWER:** Verizon states that the FCRA speaks for itself. To the extent that Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations of Paragraph 33 are denied.

34. Despite the provisions of § 1681s-2(b), Verizon continued to report derogatory and inaccurate statements regarding Plaintiff's credit history and her liability for an account that was never hers.

**ANSWER:** Verizon denies the allegations of Paragraph 34.

35. Despite the provisions of § 1681s-2(b), and despite receipt of multiple and continuing disputes from Plaintiff, Verizon continued to report derogatory and inaccurate statements regarding Plaintiff's credit history and her liability for an account that was never hers.

**ANSWER:** Verizon denies the allegations of Paragraph 35.

36. Verizon reported inaccurate information that reflects negatively upon the Plaintiff, Plaintiff's repayment and credit history, Plaintiff's financial responsibility, and her credit worthiness.

**ANSWER:** Verizon denies the allegations of Paragraph 36.

37. Notwithstanding Plaintiff's disputes, Verizon failed to conduct reasonable investigations concerning those disputes or alternatively, conducted an investigation and then willfully ignored the dispute information provided.

**ANSWER:** Verizon denies the allegations of Paragraph 37.

38. Notwithstanding Plaintiff's disputes, Verizon deliberately, willfully, recklessly and negligently reported inaccurate information about the Plaintiff.

**ANSWER:**   Verizon denies the allegations of Paragraph 38.

39.    Verizon's conduct renders it liable under §§ 1681n and o of the FCRA as Verizon willfully and negligently failed to comply with the reporting requirements placed on furnishers of consumer credit information.

**ANSWER:**   Verizon denies the allegations of Paragraph 39.

40.    As a direct and proximate result of Verizon's willfulness and negligence, and its failings under § 1681s-2(b), Plaintiff suffered discrete and concrete injury.

**ANSWER:**   Verizon denies the allegations of Paragraph 40.

41.    Plaintiff lost credit opportunities as a direct result of Verizon's willfulness and negligence, suffered harm to her credit reputation and score, and spent hours trying to fix the issues with Verizon's account. She was twice referred to collections, even after Verizon claimed it has absolved her of any liability on the disputed account and was denied for a credit card on two occasions. The Verizon response caused Plaintiff significant distress, aggravation, stress, and anxiety.

**ANSWER:**   Verizon denies the allegations of Paragraph 41.

WHEREFORE, Verizon prays that Plaintiff takes nothing by way of its Complaint, that this Court dismiss Plaintiff's Claims, enter judgment in favor of Verizon, and grant any such other relief as the Court shall deem just and equitable. Moreover, Verizon denies that Plaintiff is entitled to the requested relief, or any other relief whatsoever.

## COUNT II
### Violations of the Fair Credit Reporting Act
### Against Defendant Equifax Information Solutions LLC
### 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i

42.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-29 as if set forth fully in this Count.

**ANSWER:**  Verizon restates, realleges, and reincorporates its answers to paragraphs 1-29 as if fully set forth herein.

43.    Plaintiff is a "consumer," as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Paragraph 43 contains allegations that call for a legal conclusion to which no response is required. To the extent that an answer is required, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the allegations.

44.    Equifax is a "consumer reporting agency," as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**  Paragraph 44 contains allegations that call for a legal conclusion to which no response is required. To the extent that an answer is required, after reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore, denies the allegations.

45.    Pursuant to the FCRA, 15 U.S.C. § 1681e(b), whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to

14

assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER:**  Verizon states that the FCRA speaks for itself. To the extent that Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations of Paragraph 45 are denied.

46.    Equifax failed to comport with its responsibilities under the FCRA, 15 U.S.C. § 1681e(b).

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, and therefore, denies the allegations.

47.    Plaintiff's consumer report contained inaccurate information regarding the Verizon account and, despite providing Equifax with information demonstrating the account was not hers, Equifax continued reporting inaccurate information.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and therefore, denies the allegations.

48.    Plaintiff filed a police report and even submitted correspondence from the alleged creditor to demonstrate she bore no responsibility for the Verizon account.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and therefore, denies the allegations.

49. Equifax's failings caused potential credit grantors (including First Bankcard) to view Plaintiff's credit file negatively, as her consumer report inaccurately reflected that Plaintiff was delinquent on the Verizon account.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and therefore, denies the allegations.

50. Equifax also failed to comport with its responsibilities under the FCRA, 15 U.S.C. § 1681i.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and therefore, denies the allegations.

51. Despite its receipt of multiple disputes from Plaintiff, Equifax failed to delete the information consistent with its duties under § 1681i(a)(5).

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and therefore, denies the allegations.

52. Alternatively, or in addition to the above paragraph, Equifax failed to conduct a reasonable investigation into Plaintiff's notice of dispute, as required by § 1681i(a)(1)(A).

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and therefore, denies the allegations.

53. Equifax maintained inaccurate information in Plaintiff's credit file that reflects negatively upon the Plaintiff, Plaintiff's repayment and credit history, Plaintiff's financial responsibility, and her credit worthiness.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and therefore, denies the allegations.

54. Equifax reported false and inaccurate credit information about Plaintiff even after Plaintiff complied with Equifax's dispute procedures.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and therefore, denies the allegations.

55. Notwithstanding Plaintiff's disputes, Equifax failed to conduct reasonable investigations concerning those disputes or alternatively, conducted an investigation and then willfully ignored the information provided.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and therefore, denies the allegations.

56. Notwithstanding Plaintiff's disputes, Equifax deliberately, willfully, recklessly and negligently failed to remove the inaccurate information from Plaintiff's consumer credit file.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and therefore, denies the allegations.

57. Equifax's conduct renders it liable under §§ 1681n and o of the FCRA.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and therefore, denies the allegations.

58. Plaintiff lost credit opportunities as a direct result of Equifax's willfulness and negligence, suffered harm to her credit reputation and score, and spent hours trying to fix the issues on her Equifax report and confirm her identity as Equifax repeatedly requested.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and therefore, denies the allegations.

WHEREFORE, Verizon prays that Plaintiff takes nothing by way of its Complaint, that this Court dismiss Plaintiff's Claims, enter judgment in favor of Verizon, and grant any such other relief as the Court shall deem just and equitable. Moreover, Verizon denies that Plaintiff is entitled to the requested relief, or any other relief whatsoever, from Verizon.

## COUNT III
### *Violations of the Illinois Consumer Fraud Act Against Defendant Verizon*
### *815 IL CS 505/2*

59. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-29 as if set forth fully in this Count.

18

**ANSWER:** Verizon restates, realleges, and reincorporates its answers to paragraphs 1-29 as if fully set forth herein.

60.    Verizon committed unfair practices in contravention of 815 ILCS 505/2 in continuing to demand payment on an account and devices it knew to be fraudulently opened.

**ANSWER:**  Verizon denies the allegations of Paragraph 60.

61.    On or about July 18, 2017, Verizon claimed that it would alert the credit reporting bureaus and take necessary steps to ensure Plaintiff was not held liable for the disputed account.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and therefore, denies the allegations.

62.    Despite this letter, Verizon continued to demand payment from Plaintiff, unfairly assessed a $410.15 collection fee, and referred to the account to two separate collection agencies.

**ANSWER:**  After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and therefore, denies the allegations.

63.    In determining whether a given course of conduct or act is unfair under the ICFA, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act. The published statement of factors considered by the Fed-

eral Trade Commission in measuring unfairness are: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers.

**ANSWER:** Verizon states that the Illinois Consumer Fraud Act speaks for itself and case law interpreting the Illinois Consumer Fraud Act speaks for itself. To the extent that Plaintiff misquotes, misstates, or otherwise mischaracterizes their contents, the allegations of Paragraph 63 are denied.

64. However, all three of these criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or, to a lesser extent, to the manner in which it meets all three.

**ANSWER:** Verizon states that the Illinois Consumer Fraud Act speaks for itself and case law interpreting the Illinois Consumer Fraud Act speaks for itself. To the extent that Plaintiff misquotes, misstates, or otherwise mischaracterizes their contents, the allegations of Paragraph 64 are denied.

65. Verizon's practices with respect to Plaintiff offends public policy (e.g., referring a confirmed identity theft consumer to collections despite receipt of a police report), is unethical, oppressive and unscrupulous (e.g., threatening and then following through with negative credit reporting and demanding amounts known not to be owed), and causes substantial injury to consumers generally (e.g., failing to maintain reasonable procedures to account for identity theft in its stores and in response to multiple disputes).

**ANSWER:** Verizon denies the allegations of Paragraph 65.

66. Verizon agreed the account was not Plaintiff's responsibility but kept sending her to collections.

**ANSWER:** After reasonable inquiry, Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and therefore, denies the allegations.

67. Verizon's unfair acts were committed in the course of Illinois trade and commerce and result from a purported Illinois consumer transaction.

**ANSWER:** Verizon denies the allegations of Paragraph 67.

68. Verizon acted unfairly and oppressively by failing to comply with its duty of good faith and by failing to cooperate in mitigating Plaintiff's damages.

**ANSWER:** Verizon denies the allegations of Paragraph 68.

69. Verizon acted with reckless indifference and failed to adopt (or, alternatively, follow) appropriate identity theft and fraud procedures in Plaintiff's case.

**ANSWER:** Verizon denies the allegations of Paragraph 69.

70. Instead, Verizon continued making demands for payment of the debt, when it knew or should have known Plaintiff did not owe, and never had owed.

**ANSWER:** Verizon denies the allegations of Paragraph 70.

71. Verizon made the payment demands in the hope that Plaintiff would rely on its representations and make a payment.

**ANSWER:** Verizon denies the allegations of Paragraph 71.

72.     Plaintiff has suffered significant distress resulting from her receipt of continuing incorrect and inaccurate dunning letters and from the continued negative credit reporting. She spent time, effort, and money disputing the debt to no avail. She was denied credit and didn't apply for additional credit because she knew it was futile.

**ANSWER:**   Verizon denies the allegations of Paragraph 72.

WHEREFORE, Verizon prays that Plaintiff takes nothing by way of its Complaint, that this Court dismiss Plaintiff's Claims, enter judgment in favor of Verizon, and grant any such other relief as the Court shall deem just and equitable. Moreover, Verizon denies that Plaintiff is entitled to the requested relief, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

By asserting the following affirmative defenses, Verizon does not allege or admit it has the burden of proof or the burden of persuasion with respect to any of these matters:

### FIRST AFFIRMATIVE DEFENSE

Verizon reserves the right to compel contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Verizon upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

At all pertinent times, Verizon maintained reasonable procedures with regard to the reinvestigation of any disputed claims regarding its customer's accounts, and Verizon followed reasonable procedures in reinvestigating Plaintiff's disputed customer account.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is unable to prove that Verizon knew or consciously avoided knowing that any reported information about her customer account was inaccurate. Accordingly, Verizon cannot be held liable for Plaintiff's alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Verizon has complied with and has not violated the Fair Credit Reporting Act in its dealings with Plaintiff, and Verizon is entitled to each and every defense stated in the Act and any and all limitations of liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot provide a causal connection between her alleged damages and the alleged violations of the FCRA and/or the Illinois Consumer Fraud Act by Verizon. Plaintiff cannot show that any alleged act or omission by Verizon that may be actionable under the FCRA and/or the Illinois Consumer Fraud Act was the cause in fact or proximate cause of her alleged damages. Accordingly, Verizon cannot be held liable for Plaintiff's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's alleged damages include lost opportunities or other future speculative damages, these damages are not permitted to be recovered under the FCRA or the Illinois Consumer Fraud Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were aggravated by the failure of Plaintiff to use reasonable due diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the requirements of the FCRA, 15 U.S.C. § 1681n, in order to recover punitive or statutory damages, including but not limited to the recovery of attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

Verizon has complied with and has not violated the Illinois Consumer Fraud Act in its dealings with Plaintiff, and Verizon is entitled to each and every defense stated in the Act and any and all limitations of liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the requirements of the Illinois Consumer Fraud Act, 815 ILCS 505/2S or any other section of the Act, in order to recover punitive or statutory damages, including but not limited to the recovery of attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

Verizon adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

Verizon reserves the right to offer and rely on additional affirmative defenses of which it becomes aware through discovery or otherwise.

WHEREFORE, Verizon Wireless Services, LLC, prays that Plaintiff takes nothing by way of its Complaint, that this Court dismiss Plaintiff's Claims, enter judgment in favor of Verizon, and grant any such other relief as the Court shall deem just and equitable.

September 18, 2019   By: */s/ Matthew D. Kelly*

        Matthew D. Kelly (ARDC No. 6300175)
        SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
        233 S. Wacker Dr., Suite 5500
        Chicago, Illinois 60606
        Phone: (312) 645-7800
        Fax: (312) 645-7711
        mkelly@smsm.com
        *Attorneys for Verizon Wireless Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2019, I have served a copy of the foregoing paper upon all counsel of record via the United States Court for the Northern District of Illinois ECF Document Filing System.


*/s/Matthew D. Kelly*
Matthew D. Kelly